1
2
3
4
5
6
7

JS-6

8
9
10
11

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### (Western Division)

| | |
|---|---|
| CATHY L. GOODMAN and LYLE P. ROBBINS,<br><br>                          Plaintiffs,<br>  vs.<br><br>THE MOTION PICTURE INDUSTRY HEALTH PLAN FOR ACTIVE PARTICIPANTS and DOES 1 through 20, inclusive,<br><br>                       Defendants. | **CASE NO. 2:19-cv-03215-JFW-PJW**<br><br>**The Hon. John F. Walter**<br><br><br>**JUDGMENT IN FAVOR OF DEFENDANT THE MOTION PICTURE INDUSTRY HEALTH PLAN** |

19
20
21
22
23
24
25
26
27
28

The Complaint in this matter was filed by Plaintiffs Cathy L. Goodman and Lyle P. Robbins ("Goodman" and "Robbins" respectively) on April 23, 2019 against Defendant Motion Picture Industry Health Plan ("MPI Plan"), alleging two claims for relief: (1) breach of Plan recovery of Plan benefits under 29 U.S.C. Section 1132(a)(1)(B); and (2) statutory penalties pursuant to 29 U.S.C. §1132(c). In the Complaint, Plaintiffs allege that the MPI Plan's denial of coverage for Goodman constitutes a breach of the MPI Plan. Plaintiffs also allege that the MPI Plan operates under a structural conflict of interest because it "both funded and paid the cost of medical and mental health care treatments, and made determinations concerning benefits," and, therefore, the standard of review applied by the Court must be relaxed and less deferential. The matter was scheduled for Court Trial on June 2, 2020. On May 21, 2020 the Court found the matter appropriate for decision without oral argument, vacated the trial date with the consent of the parties, and took the matter under submission.

After considering the information contained in the Administrative Record, the parties' respective Opening and Responsive Trial Briefs, the parties' respective pre- and post-trial Proposed Findings of Fact and Conclusions of Law (as well as the parties' respective objections and responses thereto) and all other matters presented to the Court, and for good cause appearing, this Court finds for the reasons set forth in the Court's Findings of Fact and Conclusions of Law issued on July 30, 2020 [Docket 44], that the applicable standard of review is abuse of discretion because MPI Plan grants discretionary authority to the Board of Directors to determine eligibility for benefits and to construe the terms of the plan, and a structural conflict does not exist because the MPI Plan is a multi-employer benefit trust fund and the Board of Directors consists of equal numbers of both employer and employee representatives who determine employee eligibility under the Plan. This Court further finds, after reviewing MPI Health Plan's termination of Goodman's eligibility to receive benefits beginning March 1, 2016 for abuse of

discretion, that MPI Plan did not abuse its discretion by terminating Goodman's healthcare coverage and seeking reimbursement of benefit payments made on Goodman's behalf, and MPI Plan's Benefits/ Appeals Committee did not abuse its discretion by denying Plaintiffs' appeal.

The Court also finds that MPI Plan satisfied its requirements to provide notice to participants of their COBRA rights; Plaintiffs are not entitled to the statutory penalties sought in the Complaint; and MPI Plan did not violate the Patient Protection and Affordable Care Act ("PPACA") by rescinding Goodman's coverage.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That Judgment shall be entered forthwith in favor of Defendant Motion Picture Industry Health Plan and against Plaintiffs Cathy L. Goodman and Lyle P. Robbins;

2. That Plaintiffs be granted no relief in this action; and

3. That Motion Picture Industry Health Plan shall be entitled to recover from Plaintiffs its costs of suit incurred in this case.


DATED: August 6, 2020        _____

THE HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE